UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

HERBERT MAX BLAIN,

        Petitioner,

v.

NOAH NAGY,

        Respondent.

_____/

Case No. 1:18-cv-308

Honorable Paul L. Maloney

## **OPINION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court will dismiss the petition without prejudice for failure to exhaust available state-court remedies.

**Discussion**

I. _Factual allegations_

Petitioner Herbert Max Blain is incarcerated with the Michigan Department of Corrections at the Lakeland Correctional Facility (LCF) in Coldwater, Branch County, Michigan. On September 10, 2014, pursuant to a plea agreement under which two other offenses were dismissed, Petitioner pleaded guilty in the Barry County Circuit Court to the ten-year felony of operating a drug laboratory as a fourth-offense felony. The plea agreement was conditioned on Petitioner's eligibility for the "swift and sure" sanctions program,[1] and it included a provision entitling him to withdraw his guilty plea if he was not eligible for the program. (Plea Hr'g Tr. #1, ECF No. 1-1, PageID.88-96.)

On October 22, 2014, after it became apparent that Petitioner was ineligible for the "swift and sure" program, the trial court held a second plea hearing, at which Petitioner withdrew his plea to operating a drug laboratory, but pleaded guilty to the lesser charge of maintaining a drug house, Mich. Comp. Laws § 333.7405(D), as a fourth-offense felony offender, Mich. Comp. Laws § 769.12. (Plea Hr'g Tr. #2, ECF No. 1-1, PageID.100-105.) The second guilty plea was subject to a _Killebrew_ agreement[2] of five months in jail, for which Petitioner would begin earning credit immediately, as his parole hold had been released. The agreement also waived the

---

[1] The website for the Michigan Courts describes the program as follows: "The swift and sure sanctions probation program (SSSPP) is an intensive probation supervision program that targets high-risk felony offenders with a history of probation violations or failures." _See_ http://courts.mi.gov/administration/admin/op/problem-solving-courts/pages/swift-and-sure-sanctions-probation-program.aspx. The program is governed by Mich. Comp. Laws § 771A.1 et seq.

[2] In _People v. Killebrew_, 330 N.W.2d 834 (Mich. 2001), the Michigan Supreme Court approved the limited involvement of trial courts in plea negotiations, so that the court may preliminarily agree to a negotiated sentence in exchange for the defendant's entry of the plea, subject to the defendant's right to withdraw the plea, should the court on full review determine that the sentence is inappropriate.

government's right to charge Petitioner for witness tampering. (*Id.*, PageID.100-101.) In addition, the plea agreement itself, which Petitioner signed, included a notice that, if he failed to follow the requirements of his bond or absconded, the court would not be bound by the terms of the sentencing agreement. (Sentencing Hr'g Tr., ECF No. 1-1, PgeID.110-111.) The sentencing hearing was scheduled for December 3, 2014. (Plea Hr'g Tr. #2, ECF No. 1-1, PageID.105.)

Petitioner, however, failed to appear for sentencing and absconded for nine months. On September 16, 2015, the court held a sentencing hearing. The court held that, because of Petitioner's decision to abscond, the court was not required to impose the negotiated sentence and did not intend to do so. The court denied Petitioner's motion to withdraw his plea, because he had lost the right to do so by absconding and he had not otherwise shown good cause for withdrawing the plea under the court rule. The court sentenced Petitioner above the guidelines range to a prison term of 10 to 15 years. (Sentencing Hr'g Tr., ECF No. 1-1, PageID.108-118.)

Petitioner sought leave to appeal his conviction and sentence to the Michigan Court of Appeals, raising the following claims:

I. THE SENTENCE IMPOSED ON [PETITIONER], WHICH DEPARTED FROM THE APPLICABLE GUIDELINE RANGE, WAS UNREASONABLE, REQUIRING REMAND TO THE TRIAL COURT FOR RESENTENCING PURSUANT TO PEOPLE V LOCKRIDGE, 498 MICH 358 (2015).

II. THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING [PETITIONER'S] MOTION TO WITHDRAW GUILTY PLEA PRIOR TO SENTENCING IF THE COURT COULD NOT ABIDE BY THE KILLEBREW SENTENCE AGREEMENT.

(Pet'r's Br. on Appeal, ECF No. 1-1, PageID.28, 32.) The court of appeals denied leave to appeal on January 13, 2016, for lack of merit in the grounds presented. (Mich. Ct. App. Order, ECF No. 1-1, PageID.80.) The court of appeals denied reconsideration on February 22, 2016. (Mich. Ct.

App. Order on Reconsid., ECF No. 1-1, PageID.81.) Petitioner sought leave to appeal to the Michigan Supreme Court, apparently raising the same two grounds. On May 25, 2016, the supreme court ordered the application held in abeyance pending resolution of two cases. (5/25/16 Mich. Order, ECF No. 1-1, PageID.82.) Following resolution of the two cases, on October 31, 2017, the supreme court denied leave to appeal, because it was not persuaded that the questions presented should be reviewed by the court. (10/31/17 Mich. Order, ECF No. 1-1, PageID.83.) On December 27, 2017, the supreme court denied Petitioner's motion for reconsideration. (12/27/17 Mich. Order, ECF No. 1-1, PageID.84.)

Petitioner filed a motion for relief from judgment in the Barry County Circuit Court on or about January 26, 2018, raising the following five issues:

    III.    [PETITIONER'S] SENTENCE IS INVALID AS THE TRIAL COURT BASED ITS SENTENCE ON INACCURATE INFORMATION WITHIN THE PSIR.

    IV.    THE MINIMUM SENTENCE IMPOSED, WHICH IS <u>74-MONTHS</u> MORE THAN THE MAXIMUM MINIMUM SENTENCE GUIDELINE, IS AN UNREASONABLE ABUSE OF DISCRETION AND VIOLATES THE [PETITIONER'S] CONSTITUTIONAL RIGHTS TO DUE PROCESS.

    V.    THE ELEMENTS FOR MAINTAINING A DRUG HOUSE WERE NOT MET, THEREFORE MAKING THE PLEA INVALID AND SUBJECT TO REMEDY BY THE COURT.

    VI.    THE [PETITIONER] IS ENTITLED TO SPECIFIC PERFORMANCE OF THE PLEA AND SENTENCE AGREEMENT OR AN OPPORTUNITY TO WITHDRAW PLEA WHERE THE COURT FAILED TO KEEP THE KILLE[]BREW AGREEMENT PURSUANT TO SANTOBELLO –V- NEW YORK, 404 US 257.

    VII.    [PETITIONER'S] STATE AND FEDERAL CONSTITUTIONAL RIGHTS WERE VIOLATED WHEN HE WAS COERCED INTO TAKING A PLEA BECAUSE HIS ATTORNEY TOLD HIM THAT IF HE PLE[]D HE WOULD GET AT MOST A 5 MONTH MINIMUM

4

SENTENCE, THAT THE KILLE[]BREW PLEA MEANT THE JUDGE COULD NOT GIVE HIM MORE JAIL TIME. HIS ATTORNEY WAS INEFFECTIVE.

(Mot. for Relief from J., ECF No. 1-1, PageID.46, 51, 56, 59, 63.) The trial court denied the motion on March 5, 2018, because the grounds raised were without merit and/or procedurally barred. (Cir. Ct. Ord., ECF No. 1-1, PageID.77-79.)

On March 15, 2018, Petitioner filed his habeas corpus application. Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner placed his petition in the prison mailing system on March 15, 2018. (Pet., ECF No. 1, PageID.15.)

In his habeas petition, Petitioner raises the two grounds presented on direct appeal, together with the five grounds presented to the Barry County Circuit Court in the motion for relief from judgment. (Pet., ECF No.231765, PageID.6-7, 9-10, 12.)

II. Exhaustion of State Court Remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971), *cited in Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley*

*v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39.

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Petitioner represents that he presented only two of his seven issues in his applications for leave to appeal to the Michigan Court of Appeals and the Michigan Supreme Court filed on November 19, 2015, and January 13, 2016, respectively. Although Petitioner raised the remaining five issues to the trial court in his motion for relief from judgment, he has not yet sought leave to appeal those five issues to the Michigan appellate courts.

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner has at least one available procedure by which to raise the unexhausted issues he has presented in this application. He may appeal the trial court's March 5, 2018, denial of his motion for relief from judgment to both the Michigan Court of Appeals and the Michigan Supreme Court. Under Mich. Ct. R. 7.205(G)(3)(a), Petitioner has six months from the date the trial court denied his motion for relief from judgment in which to file a delayed application for leave to appeal to the Michigan Court of Appeals. Therefore, the Court concludes that he has at least one available state remedy. In order to properly exhaust his claim, Petitioner must appeal the trial court's denial of

his motion for relief from judgment to the Michigan Court of Appeals and the Michigan Supreme Court. *See Duncan*, 513 U.S. at 365-66.

Because Petitioner has some claims that are exhausted and some that are not, his petition is "mixed." Under *Rose v. Lundy*, 455 U.S. 509, 522 (1982), district courts are directed to dismiss mixed petitions without prejudice in order to allow petitioners to return to state court to exhaust remedies. However, since the habeas statute was amended to impose a one-year statute of limitations on habeas claims, *see* 28 U.S.C. § 2244(d)(1), dismissal without prejudice often effectively precludes future federal habeas review. This is particularly true after the Supreme Court ruled in *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), that the limitations period is not tolled during the pendency of a federal habeas petition. As a result, the Sixth Circuit adopted a stay-and-abeyance procedure to be applied to mixed petitions. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). In *Palmer*, the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. *Id.*; *see also Rhines v. Weber*, 544 U.S. 269, 277 (2007) (approving stay-and-abeyance procedure); *Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002).

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner sought leave to appeal his conviction and sentence to the Michigan Court of Appeals and the Michigan Supreme Court. The

7

Michigan Supreme Court denied reconsideration of its order denying his application on December 27, 2017. Petitioner did not petition for certiorari to the United States Supreme Court, though the ninety-day period in which he could have sought review in the United States Supreme Court is counted under § 2244(d)(1)(A). *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on March 27, 2018. Accordingly, absent tolling, Petitioner would have one year, or until March 27, 2019, in which to file his habeas petition.

However, Petitioner filed a motion for relief from judgment in the trial court on or about January 26, 2018, before his habeas limitations period even began to run. A properly filed application for state post-conviction review or other state collateral review tolls the statute of limitations during the period the application is pending. *See* 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled from the filing of an application for state post-conviction or other collateral relief until a decision is issued by the state supreme court. *Lawrence v. Florida*, 549 U.S. 327 (2007). The statute is not tolled during the time that a Petitioner petitions for writ of certiorari in the United Stated Supreme Court. *Id.* at 332. Petitioner's period of limitations therefore will remain tolled until after the Michigan Supreme Court reaches a decision on his appeal. At that point, the period of limitations will begin to run, and Petitioner will have a full year in which to file his habeas petition.

The *Palmer* Court has indicated that thirty days is a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days is a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies. *Palmer*, 276 F.3d at 781. *See also Griffin*, 308 F.3d at 653 (holding that sixty days amounts to a mandatory period of equitable tolling under *Palmer*). Petitioner has far more

8

than sixty days remaining in his limitations period. Assuming that Petitioner diligently pursues his state-court remedies and promptly returns to this Court after the Michigan Supreme Court issues its decision, he is not in danger of running afoul of the statute of limitations. Therefore, a stay of these proceedings is not warranted. Should Petitioner decide not to pursue his unexhausted claims in the state courts, he may file a new petition raising only exhausted claims at any time before the expiration of the limitations period.

## Conclusion

For the foregoing reasons, the Court will dismiss the petition for failure to exhaust available state-court remedies.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court already has determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr.*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not

9

warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved the issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

This Court denied Petitioner's application on the procedural ground of lack of exhaustion. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.* The Court finds that reasonable jurists could not debate that this Court correctly dismissed the petition on the procedural ground of lack of exhaustion. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner

should be allowed to proceed further." *Id.* Therefore, the Court denies Petitioner a certificate of appealability.

A Judgment and Order consistent with this Opinion will be entered.


Dated:   April 2, 2018                                /s/ Paul L. Maloney
                                                     Paul L. Maloney
                                                     United States District Judge